United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 13-19886-ref
Peter John Dellaquila                                           Chapter 13
Anna Halina Dellaquila
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-4         User: admin              Page 1 of 2          Date Rcvd: Apr 12, 2019
                             Form ID: 3180W           Total Noticed: 22
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 14, 2019.
db/jdb         +Peter John Dellaquila,    Anna Halina Dellaquila,    20 Corn Crib Court,    Easton, PA 18040-7861
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg            +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13225782       +ALTAIR OH XIII, LLC,    C O WEINSTEIN, PINSON, AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
                 SEATTLE, WA 98121-3132
13188274        JPMorgan Chase Bank, N.A.,    3415 Vision Drive,    Columbus, OH 43219-6009
13479888       +JPMorgan Chase Bank, N.A.,    3415 Vision Drive,    OH4-7142,    Columbus, OH 43219-6009
13876023       +JPMorgan Chase Bank, National Association,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
13284534       +Monroe County, FL,    c/o Municipal Services Bureau,    8325 Tuscany Way Blvd Bldg 4,
                 Austin TX 78754-4734
13256264       +New York City Department of Finance,    City of New York,    59 Maiden Lane, 24th Floor,
                 New York NY 10038-4648
13526037        New York State Department of Taxation and Finance,    Bankruptcy Section,    PO Box 5300,
                 Albany NY 12205-0300

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Apr 13 2019 03:03:21     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13260187        EDI: AIS.COM Apr 13 2019 06:53:00      American InfoSource LP as agent for,
                 Midland Funding LLC,    PO Box 268941,    Oklahoma City, OK  73126-8941
13188257        EDI: RESURGENT.COM Apr 13 2019 06:53:00      CACH, LLC,    PO Box 10587,
                 Greenville SC 29603-0587
13253675        EDI: CAPITALONE.COM Apr 13 2019 06:53:00      Capital One Bank (USA), N.A.,
                 by American InfoSource LP as agent,    PO Box 71083,    Charlotte, NC  28272-1083
13239281       +EDI: TSYS2.COM Apr 13 2019 06:53:00      Department Stores National Bank/Macys,
                 Bankruptcy Processing,    Po Box 8053,    Mason, OH 45040-8053
13192054        EDI: RMSC.COM Apr 13 2019 06:53:00      GE Capital Retail Bank,
                 c/o Recovery Management Systems Corporat,    25 SE 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
13953358        EDI: PRA.COM Apr 13 2019 06:53:00      Portfolio Recovery Associates, LLC,    PO Box 41067,
                 Norfolk, VA 23541
13195672        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 13 2019 03:02:48
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
13188302       +E-mail/Text: zzawarski@zawarskilaw.com Apr 13 2019 03:03:48     Zachary Zawarski, Esq.,
                 1441 Linden Street,    Bethlehem, PA 18018-2606
                                                                                              TOTAL: 9

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*            Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 14, 2019                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0313-4          User: admin              Page 2 of 2                  Date Rcvd: Apr 12, 2019
                              Form ID: 3180W           Total Noticed: 22
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 11, 2019 at the address(es) listed below:

        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JP Morgan Chase Bank, N.A. bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com

        LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com

        REBECCA ANN SOLARZ    on behalf of Creditor    JP Morgan Chase Bank, N.A. bkgroup@kmllawgroup.com

        SCOTT  WATERMAN    ECFmail@fredreiglech13.com, ECF_FRPA@Trustee13.com

        THOMAS I. PULEO    on behalf of Creditor    JP Morgan Chase Bank, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com

        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

        ZACHARY   ZAWARSKI    on behalf of Joint Debtor Anna Halina Dellaquila zzawarski@zawarskilaw.com

        ZACHARY   ZAWARSKI    on behalf of Debtor Peter John Dellaquila zzawarski@zawarskilaw.com

        TOTAL: 8

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Peter John Dellaquila** | Social Security number or ITIN   xxx–xx–9562 |
| | First Name    Middle Name    Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Anna Halina Dellaquila** | Social Security number or ITIN   xxx–xx–9491 |
| | First Name    Middle Name    Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **13–19886–ref** | | |

# Order of Discharge                                                                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Peter John Dellaquila                                Anna Halina Dellaquila

4/11/19                                              **By the court:**   Richard E. Fehling
                                                                         United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                            **Chapter 13 Discharge**                            page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**